**W.F. MARTIN, INC., Appellant–Plaintiff Below,**

v.

**Danny KRATZER, Appellee–Defendant Below.**

**No. 20A03–9011–CV–485.**

Court of Appeals of Indiana,
Third District.

Oct. 17, 1991.

---

Kennard R. Weaver, William D. Haut, Warrick, Weaver & Boyn, Elkhart, for appellant-plaintiff.

Glenn E. Killoren, Chester, Pfaff & Brotherson, Elkhart, for appellee-defendant.

HOFFMAN, Judge.

W.F. Martin, Inc., and its attorneys appeal a trial court determination ordering sanctions for the failure to release an *in personam* judgment against Kratzer which had been discharged through bankruptcy proceedings. The trial court awarded Kratzer $200.00 in attorney's fees.

The facts relevant to the appeal disclose that Kratzer was purchasing real estate located in Elkhart, Indiana, from Martin pursuant to a land contract. In February 1989, Martin filed a complaint requesting foreclosure on the land contract. In April 1989, Kratzer filed a bankruptcy petition. In July 1989, through the bankruptcy court, Martin sought and was granted relief from the automatic stay of proceedings. The order allowed the bankruptcy trustee to abandon the property. Also the order allowed Martin to foreclose on the real estate and continue the claim against Kratzer pending in the state court. Martin obtained a default judgment against Kratzer in August 1989. The judgment provided for the sale of the property and an *in personam* deficiency judgment against Kratzer. Pursuant to a September 1989 state court order, the property was sold and the judgment was partially satisfied with the proceeds.

Although the record is silent, the parties agree that on May 31, 1990, Kratzer's attorney requested a release of the judgment to facilitate the sale of real estate which Kratzer acquired after the bankruptcy proceedings. Martin, through counsel, refused to execute the release. Instead, Martin's counsel referred Kratzer's counsel to the provision in the bankruptcy code which renders void by operation of law a judgment which has been discharged in bankruptcy.

On June 5, 1990, Kratzer filed a petition for relief from the judgment and requested sanctions against Martin and its counsel pursuant to Ind. Trial Rule 11. On June 7, 1990, the trial court granted the release of the *in personam* judgment against Kratzer. The matter of sanctions was taken under advisement. On July 16, 1990, the trial court ordered the payment of $200.00 in sanctions. This appeal ensued.

Martin raises three issues for review. As restated, one issue is dispositive: whether the trial court erred in determining that Martin and counsel had a duty to release the judgment which, without affirmative action, was void by operation of law.[1]

A discharge through bankruptcy proceedings operates to void "any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged...." 11 U.S.C.

1. The parties' assessments of the determination by the trial court in awarding sanctions differ. As noted above, Martin assumes that the trial court awarded sanctions for failure to execute a release. Kratzer's request for sanctions, contained within his petition for relief from the judgment, appears to rely on a contention that Martin fraudulently obtained an *in personam* judgment rather than maintaining its action solely against the property. On appeal, Kratzer relies on his argument that the *in personam* judgment was void, but also contends that the conduct by Martin's counsel requires sanctions. Kratzer's contention that the *in personam* judgment was void from its inception is groundless. The judgment was entered after the bankruptcy court authorized relief from the stay allowing abandonment of the property by the trustee and stating that Martin "is hereby authorized to continue the suit now pending in the" state court. Further, the judgment was entered prior to Kratzer's discharge in bankruptcy. In short, when the judgment was entered, nothing prevented Martin from obtaining the *in personam* judgment.

§ 524(a)(1). The provision rendering a judgment void when discharged was enacted to halt creditor abuse of the former method of discharge which did not completely proscribe further action on discharged debts. *See Collier on Bankruptcy*, § 524.01 (1990 Ed.) However, the discharge provisions do not support a finding that a creditor's failure to execute a release of judgment after discharge is actionable or subject to sanctions.

The judgment lawfully obtained by Martin was not transformed into a fraudulent or unlawful judgment after Kratzer's receipt of a discharge. Moreover, Martin and its attorney had no affirmative duty to release the judgment which by operation of law was rendered void. It is noteworthy that while no duty existed, simple courtesy in the conduct of the practice of law could have conserved valuable time and effort of the parties, the attorneys, and the courts at both the trial and appellate levels.

The trial court erred to the extent that sanctions were ordered against Martin and its counsel.

Reversed.

SULLIVAN, J., concurs.

STATON, J., concurs in result with opinion to which SULLIVAN, J., concurs.

STATON, Judge, concurring in result.

While I concur in the result reached by the majority, I write separately to point out that Kratzer had a remedy available to him which did not require him to seek recourse either from the courts or from Martin.

As the majority observes, 11 U.S.C. § 524(a)(1) provides that a personal judgment is void after the debtor is discharged. Discharge was granted here some two months after the entry of judgment. Kratzer could have removed the cloud from his title by filing a copy of the order of discharge in the recorder's office in the county where the real estate was located. This could have avoided the conflict with the judgment creditor, and would have saved considerable judicial time and expense.

While I agree with the majority that the exercise of courtesy between the parties might have saved considerable time and expense for all concerned, it should be noted that in the unfortunate circumstance where courtesy breaks down, the judgment debtor is not without quick and inexpensive recourse.